E-FILED
Tuesday, 21 June, 2011  12:05:17 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

AMY LEICHTENBERG, on her own behalf )
and as Administrator of the ESTATE OF )
DUNCAN LEICHTENBERG, and as )
Administrator of the ESTATE OF JACK )
LEICHTENBERG, )
                                   )
             Plaintiff, )     Case No.:  10-CV-1253
                                     )     Judge McDade
                v. )     Magistrate Judge Gorman
                                       )
CITY OF LEROY, POLICE OFFICER DUSTIN )
WIESEMANN, POLICE OFFICER NATHAN )
WILKINS, POLICE OFFICER JASON )
WILLIAMSON, and other UNKNOWN )
OFFICERS OF THE LEROY POLICE )
DEPARTMENT, )
                                     )
                Defendants. )

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan

Wilkins, and Police Officer Jason Williamson, by their attorneys, Gerard W. Cook, and Michael

J. Victor, for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint,

state as follows:

**Introduction**

1.      This is an action under 42 U.S.C. § 1983 and state law to recover damages for the

Defendants' role in the tragic deaths of 9-year-old Duncan and 7-year-old Jack Leichtenberg.

**ANSWER:**     **Defendants admit that this is an action brought pursuant to 42 U.S.C. § 1983 and
state law.  Defendants admit that 9-year-old Duncan and 7-year-old Jack died tragically.
Defendants deny the remaining allegations contained in Paragraph 1.**

2.      Compounding this tragedy is the fact that it was completely preventable. Duncan

and Jack were killed by their father, Michael Connolly, a mentally unstable man embroiled in a

custody dispute with Plaintiff. Despite Defendant Officers' knowledge of the threat Mr. Connolly posed to the boys (based on his previous 57 violations of protective orders) the Defendant Officers thwarted attempts to investigate when Mr. Connolly absconded with the boys. As a result, two days later, Mr. Connolly killed Duncan and Jack.

**ANSWER:  Defendants admit that Duncan and Jack were killed by their father. Defendants lack information and knowledge sufficient to form a belief as to when Connolly killed Duncan and Jack, and thus deny that he killed them "two days later."  Defendants deny the remaining allegations in the Paragraph 2.**

### Parties

3.     Plaintiff, Amy Leichtenberg, a resident of LeRoy, Illinois, is the mother of Duncan and Jack Leichtenberg, who were abducted and murdered by their father, Michael Connolly, Ms. Leichtenberg's ex-husband.

**ANSWER:  Defendants admit that Plaintiff is the mother of Duncan and Jack Leichtenberg, and that Duncan and Jack were murdered by their father, Michael Connolly, who is Plaintiff's ex-husband.  Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 3, and thus deny same.**

4.     The Estates of Duncan and Jack Leichtenberg represent the rights and interests of Duncan and Jack Leichtenberg.  The Estates were opened in McLean County, Illinois, on April 20, 2010. Ms. Leichtenberg is the administrator of the boys' Estates.

**ANSWER:  Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 4, and thus deny same.**

5.     Defendant Police Officer Dustin Wiseman was a police officer, and was so employed by the LeRoy Police Department in LeRoy, Illinois, during all relevant times. On information and belief, Defendant Wiseman is no longer employed by the LeRoy Police Department. On information and belief, Defendant Wiseman is a resident of McLean County.

**ANSWER:  Plaintiffs misspell Officer Wiesemann's name as "Wiseman" throughout the Second Amended Complaint.  Defendants' Answer and Affirmative Defenses will use the correct spelling hereafter.  Defendants admit that Officer Wiesemann was employed as a police officer by the City of LeRoy during all times relevant to Plaintiff's amended complaint.  Defendants admit that Officer Wiesemann is no longer employed by the LeRoy Police Department.  Defendants deny that Officer Wiesemann is a resident of McLean County.**

6.     Defendant Police Officer Jason Williamson is a police officer employed by the LeRoy Police Department, and was so employed during all times relevant. On information and belief, Defendant Williamson is a resident of McLean County.

**ANSWER:     Defendants admit the allegations contained in Paragraph 6.**

7.     Defendant Police Officer Nathan Wilkins is a police officer employed by the LeRoy Police Department, and was so employed during all times relevant. On information and belief, Defendant Wilkins is a resident of McLean County.

**ANSWER:     Defendants admit the allegations contained in Paragraph 7.**

8.     Defendant Officers were at all times relevant employees of the LeRoy Police Department and were acting within the scope of their employment and in their official capacities at the times of the incidents giving rise to the causes of action set forth below. Defendant Officers, at all times relevant, acted under the color of law.

**ANSWER:     Defendants admit that the Officers Wiesemann, Wilkins, and Williamson were employees of the LeRoy Police Department and were acting in their official capacities, were acting in the scope of their employment, and were acting under the color of law at all times relevant to the amended complaint.  Defendants deny all remaining allegations contained in Paragraph 8.**

9.     Defendant City of LeRoy, Illinois is a municipal corporation under the laws of the State of Illinois and at all relevant times employed Defendants Wiseman, Wilkins, Williamson, and other Unknown Police Officers of the LeRoy Police Department.

**ANSWER:     Defendants admit that the Defendant City of LeRoy is a municipal corporation under the laws of the State of Illinois and at all relevant times employed Defendants Wiesemann, Wilkins, and Williamson.  Defendants deny the remaining allegations contained in Paragraph 9.**

**Jurisdiction and Venue**

10.     Jurisdiction and venue is proper in McLean County, Illinois because the Defendant Officers reside in McLean County and all of the conduct complained of occurred in McLean County.

**ANSWER:   Defendants admit that the United States District Court for the Central District of Illinois has jurisdiction over this case, and that venue is proper in the Peoria Division.**

<strong>Facts</strong>

11.     Ms. Leichtenberg and Mr. Connolly were married on November 20, 1994, in Cook County, Illinois.

**ANSWER:   Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 11, and thus deny same.**

12.     During their marriage, Mr. Connolly was emotionally abusive and subjected Ms. Leichtenberg to extreme and repeated mental cruelty.

**ANSWER:   Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 12, and thus deny same.**

13.     The marriage was dissolved on November 20, 2007 in McLean County, Case No. 07-D-231.

**ANSWER:   Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 13, and thus deny same.**

14.     For years, Ms. Leichtenberg fought to protect Duncan and Jack from their father because of his history of abuse and his disturbed mental state.

**ANSWER:   Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 14, and thus deny same.**

15.     Ms. Leichtenberg had obtained several emergency orders of protection against Mr. Connolly protecting her, Duncan, and Jack from him while living in McHenry County, including orders entered on August 3, 2005, May 1, 2006, May 17, 2006, June 7, 2006, July 10, 2006, July 24, 2006, July 27, 2006, August 25, 2006, and September 8, 2006.

**ANSWER:   Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 15, and thus deny same.**

16.     On April 13, 2007, Ms. Leichtenberg obtained an emergency order of protection in McLean County, which denied Mr. Connolly any contact with Duncan and Jack.

4

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 16, and thus deny same.**

17.    On May 2, 2007, Ms. Leichtenberg obtained a final order of protection in McLean County, Case No. 07 OP 75 ("Protective Order"), which was in effect during all times relevant.

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 17, and thus deny same.**

18.    The Protective Order required Mr. Connolly to stay 500 feet from Ms. Leichtenberg and her home, prohibited Mr. Connolly from entering or visiting Duncan's and Jack's school, LeRoy Elementary, and barred him from obtaining any school records. The Protective Order further provided that Mr. Connolly was only allowed supervised visitation with Duncan and Jack every other Saturday for two hours because he was likely to use the visits to act in a manner that was not in the best interest of the boys and to abuse or harass Ms. Leichtenberg.

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 18, and thus deny same.**

19.    Defendant Officers knew about the Protective Order. Indeed, Defendant Officers witnessed Mr. Connolly's numerous violations of the Protective Order. According to Defendant Police Officer Jason Williamson, Mr. Connolly violated the Protective Order, or other orders of protection, at least 57 times. On at least one occasion, Defendant Police Officer Nathan Wilkins arrested Mr. Connolly for violating the orders of protection.

**ANSWER:    Defendants admit that they knew that a protective order was in place, but were unaware of the exact terms of the latest protective order.  Defendants admit to being aware that Connolly had violated protective orders on multiple occasions in the past. Defendants lack information and knowledge sufficient to form a belief as to the number of times that Connolly violated orders of protection.  Defendants admit that Officer Wilkins arrested Connolly for violating an order of protection in the past.**

20.    Moreover, Mr. Connolly was seriously disturbed individual. He had previously threatened to commit suicide on several occasions, which was known to the Defendant Officers.

**ANSWER:    Defendants deny the allegations contained in Paragraph 20.**

21.    Initially, Mr. Connolly had no visitation rights with Duncan and Jack. Over time,

despite Mr. Connolly's disturbed mental state and repeated threats to kill himself, Mr. Connolly was able to have limited supervised visits with Duncan and Jack.

**ANSWER:    Defendants lack knowledge and information sufficient to form a belief as to Connolly's past visitation rights, and thus deny same.  Defendants deny the remaining allegations contain in Paragraph 21.**

22.    Initially, Mr. Connolly was only allowed two hour supervised visits every other Saturday with the boys at the Children's Foundation in Bloomington, Illinois.

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 22, and thus deny same.**

23.    Later, Mr. Connolly was allowed supervised visits at his home. Because Mr. Connolly posed a threat to Duncan and Jack, Plaintiff made sure that each of these visits were supervised by one of her representatives.

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 23, and thus deny same.**

24.    On January 13, 2009, for the first time Mr. Connolly was permitted unsupervised overnight visits every other weekend from 10 a.m. on Saturday to 6:00 p.m. on Sunday.

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegation contained in Paragraph 24, and thus deny same.**

25.    Per court order, and at the Plaintiff's request, all of the pick-ups and drop-offs of the boys were to occur at Defendant City of LeRoy's Police Department.

**ANSWER:    Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 25, and thus deny same.**

26.    Throughout this time, Mr. Connolly continued to exhibit a disturbed mental state.

**ANSWER:    Defendants deny the allegations contained in Paragraph 26.**

27.    In the weeks preceding the boys' murders, Ms. Leichtenberg grew increasingly fearful that Mr. Connolly would harm the children. Mr. Connolly had lost his job and was acting increasingly angry and anxious.

**ANSWER: Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 27, and thus deny same.**

28.     The Wednesday before the boys were abducted, Ms. Leichtenberg went to pick up Duncan and Jack after their midweek visit with Mr. Connolly. Strangely, the boys refused to get out of Mr. Connolly's car and return home with Ms. Leichtenberg. This had never happened before and was both surprising and disturbing to Ms. Leichtenberg. The following day Ms. Leichtenberg learned that the boys did not want to get out of the car because Mr. Connolly had told them he would be going away for a long time and would not be able to see them.

**ANSWER: Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 28, and thus deny same.**

29.     Due to Mr. Connolly's disturbing behavior, on Saturday, March 7, 2009, Ms. Leichtenberg contacted the LeRoy Police Department and spoke with Defendant Wiseman.

**ANSWER: Defendants admit that Plaintiff contacted the LeRoy Police Department and spoke with Defendant Wiesemann on March 7, 2009. Defendants deny the remaining allegations contained in Paragraph 29.**

30.     Ms. Leichtenberg told Defendant Wiseman that she was afraid Mr. Connolly would flee with the boys because of his recent disturbing behavior, including telling Defendant Wiseman about the incident on the preceding Wednesday, and that as a result she would not surrender the boys to Mr. Connolly later that day.

**ANSWER: Defendants deny the allegations contained in Paragraph 30.**

31.     Defendant Wiseman did not address her concerns. Rather, he threatened Ms. Leichtenberg with arrest if she did not surrender the boys to Mr. Connolly later that day, despite the fact that Defendant Wiseman had no basis to arrest her.

**ANSWER: Defendants deny the allegations contained in Paragraph 31.**

32.     Because Ms. Leichtenberg feared that her arrest could jeopardize her custody of the boys, and thereby allow Mr. Connolly to have even further access to Duncan and Jack, after her conversation with Defendant Wiseman she reluctantly concluded that she must surrender

7

Duncan and Jack to Mr. Connolly.

**ANSWER:   Defendants deny the allegations contained in Paragraph 32.**

33.    At 10:00 a.m., Ms. Leichtenberg gave Duncan and Jack to Mr. Connolly in the parking lot of the LeRoy Police Department. She did this in the presence of Defendant Wiseman.

**ANSWER:   Defendants admit that custody of Duncan and Jack was given to Connolly at or around 10:00 a.m. in the parking lot of the LeRoy Police Department.  Defendants admit that Officer Wiesemann was present during the custody exchange.  Defendants deny that Plaintiff was present in the parking lot during the custody exchange.**

34.    Pursuant to the custody order, Ms. Leichtenberg returned to the LeRoy Police Department shortly before 6:00 p.m. the following evening to retrieve Duncan and Jack. Defendant Wiseman was present.

**ANSWER:   Defendants admit that Plaintiff was present at the LeRoy Police Department at or around 6:00 p.m. on March 8, 2009.  Defendants admit that Defendant Wiesemann was at the LeRoy Police Department at or around 6:00 p.m. on March 8, 2009.  Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 34, and thus deny same.**

35.    However, Mr. Connolly had absconded with the boys in obvious violation of the Protective Order and he did not return the boys to Ms. Leichtenberg.

**ANSWER:   Defendants admit that Connolly did not return with Duncan and Jack on March 8, 2009.  Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 35, and thus deny same.**

36.    Ms. Leichtenberg was extremely worried and scared because of Mr. Connolly's threats to kill himself and recent odd behavior. This was also the first time that Mr. Connolly had not returned the boys on time. She told the Defendant Officers that Mr. Connolly's failure to bring the boys back on time, combined with his comments about leaving for a long time, was a very bad sign and she feared for the boys' safety.

**ANSWER:   Defendants admit that Plaintiff spoke with officers in the LeRoy Police Department at or around 6:00 p.m. on March 8, 2009.  Defendants deny the allegations contained in Paragraph 36 regarding the exact content of the communications that occurred between officers in the LeRoy Police Department and Plaintiff on March 8, 2009. Defendants lack information and knowledge sufficient to form a belief as to the remaining**

**allegations contained in Paragraph 36, and thus deny same.**

37.     Ms. Leichtenberg immediately asked Defendant Wiseman and the LeRoy Police Department to initiate an investigation into the safety and whereabouts of Duncan and Jack.

**ANSWER:     Defendants deny the allegations contained in Paragraph 37.**

38.     Defendant Wiseman, and other Unknown LeRoy Police Officers, initially declined to investigate Duncan's and Jack's disappearance.

**ANSWER:     Defendants deny the allegations contained in Paragraph 38.**

39.     Eventually, an officer of the LeRoy Police Department contacted the Bloomington Police Department and requested that they perform a "well check" at Mr. Connolly's Bloomington home.

**ANSWER:     Defendants admit that an officer of the LeRoy Police Department contacted Bloomington Police Department and requested that they perform a "well check" at Connolly's Bloomington home.  Defendants deny the remaining allegations contained in Paragraph 39.**

40.     On information and belief, the Bloomington Police Department went to Mr. Connolly's residence and found that nobody was home.

**ANSWER:     Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in Paragraph 40, and thus deny same.**

41.     On information and belief, at some time during March 8, 2009, the Illinois State Police contacted the LeRoy Police Department about issuing an Amber Alert, an alert system designed to prevent violent attacks against abducted children.

**ANSWER:     Defendants deny the allegations contained in Paragraph 41.**

42.     On information and belief, Defendant Officers told the Illinois State Police that Duncan and Jack were not in immediate danger, which resulted in the Illinois State Police **not** issuing an Amber Alert. The Defendant Officers relayed this false information despite knowing about Mr. Connolly's abusive behavior, disturbed mental state, and his 57 previous violations of the Protective Order and other orders of protection.

**ANSWER:    Defendants deny the allegations contained in Paragraph 42.**

43.    Only after Amy Leichtenberg's attorney, Helen Ogar, reached the McLean County Sheriff's Department and the McLean County State's Attorney and conveyed the extreme seriousness of the situation was the Amber Alert issued, approximately twenty-six (26) hours after Jack and Duncan had been reported missing to the Defendant Officers.

**ANSWER:    Defendants deny the allegations contained in Paragraph 43.**

44.    On or about Monday, March 9, 2009, before the Amber Alert issued, Mr. Connolly mailed Ms. Leichtenberg a letter from a post office in northern Illinois.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44, and thus deny same.**

45.    Jack's and Duncan's bodies were later found nearby in Mr. Connolly's car, which was identified in the Amber Alert. It has been determined that the boys likely died on or about March 10, 2009. They had been killed by Mr. Connolly, who then took his own life.

**ANSWER:    Defendants admit that Jack and Duncan's bodies were found in Mr. Connolly's car.  Defendants admit that Connolly is deceased.  Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 45, and thus deny same.**

46.    Defendant Officers' actions, including threatening Ms. Leichtenberg with arrest, failing to promptly investigate Duncan's and Jack's disappearance and interfering with the Illinois State Police issuing an Amber Alert, allowed Mr. Connolly the opportunity to kill Duncan and Jack during the two days after they went missing before their death. Absent Defendant Officers' interference, Duncan and Jack would not have been killed.

**ANSWER:    Defendants deny the allegations contained in Paragraph 46.**

47.    Thus, because of Defendant Officers' actions and omissions, Mr. Connolly was able to execute his plan to kill Duncan and Jack.

**ANSWER:    Defendants deny the allegations contained in Paragraph 47.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs assessed against Plaintiff.

### Count I:  State Created Danger, 42 U.S.C. §1983

48.    Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

**ANSWER:   Defendants restate their answers to all of the paragraphs in Plaintiff's Second Amended Complaint as their answer to Paragraph 48 as if fully written herein.**

49.    In the manner described in this Complaint, the Defendant Officers violated Duncan's, Jack's and Amy Leichtenberg's constitutional rights. The Defendant Officers violated Plaintiffs' constitutional rights.

**ANSWER:    Defendants deny the allegations contained in Paragraph 49.**

50.    Defendant Officers' actions caused and/or increased the danger Mr. Connolly posed to Duncan and Jack Leichtenberg by causing Ms. Leichtenberg to produce Duncan and Jack Leichtenberg to Mr. Connolly by threatening to arrest her, despite knowing the serious threat he posed to the boys.

**ANSWER:    Defendants deny the allegations of paragraph 50.**

51.    In addition, Defendant Officers failed to promptly investigate, locate, and protect Duncan and Jack Leichtenberg once their father failed to return them to Ms. Leichtenberg on March 8, 2009.

**ANSWER:    Defendants deny the allegations of paragraph 51.**

52.    Moreover, Defendant Officers told the Illinois State Police not to issue an Amber Alert, so that the alert was not issued until at least 26 hours after Mr. Connolly's abduction of Duncan and Jack, which allowed Mr. Connolly to move about the state uninhibited for more than

a day.

**ANSWER:**    **Defendants deny the allegations of paragraph 52.**

53.    The Defendant Officers' actions proximately caused Duncan and Jack Leichtenberg great bodily harm and death, as well as great pain and suffering to Plaintiff Amy Leichtenberg.

**ANSWER:**    **Defendants deny the allegations of paragraph 53.**

54.    The Defendant Officers' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

**ANSWER:**    **Defendants deny the allegations of paragraph 54.**

55.    Defendant Officers' failure to protect Duncan and Jack Leichtenberg "shocks the conscience" in that the Defendant Officers failed to take seriously the threat Mr. Connolly posed and respond immediately to the boys' abduction and promptly cause an Amber Alert to issue.

**ANSWER:**    **Defendants deny the allegations of paragraph 55.**

56.    One or more members of the LeRoy Police Department, acting pursuant to the policies and practices of the City of LeRoy, violated Plaintiffs' constitutional rights in the manner alleged herein.

**ANSWER:**    **Defendants deny the allegations of paragraph 56.**

57.    As a result of the wrongful conduct described above, Duncan and Jack Leichtenberg suffered great bodily harm and death and Plaintiff suffered damages, including, but not limited to, substantial mental distress and anguish.

**ANSWER:**    **Defendants deny the allegations of paragraph 57.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs

assessed against Plaintiff.

## Count II:  Municipal Liability, 42 U.S.C. § 1983

58.     Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

**ANSWER:   Defendants restate their answers to all of the paragraphs in Plaintiff's Second Amended Complaint as their answer to Paragraph 58 as if fully written herein.**

59.     Defendant City of LeRoy is a municipal corporation which is responsible for the training of the LeRoy Police Officers with respect to domestic abuse and kidnapping protocols.

**ANSWER:   Defendants admit the allegations of paragraph 59.**

60.     Plaintiff's injuries were proximately caused by the policies and practices of Defendant City of LeRoy for failing to train its police officers regarding domestic abuse and kidnapping response protocols.

**ANSWER:   Defendants deny the allegations of paragraph 60.**

61.     Specifically, as a matter of both policy and practice, the Defendant City of LeRoy encourages, and is thereby the moving force behind, the kind of misconduct at issue here by failing to adequately train its employees regarding domestic abuse and kidnapping protocols, such that its failure to do so manifests deliberate indifference.

**ANSWER:   Defendants deny the allegations of paragraph 61.**

62.     Defendant City of LeRoy's failure to train its police officers regarding domestic abuse and kidnapping protocols resulted in the Defendant Officers' or any other City of LeRoy police officer's violation of Duncan's, Jack's and Ms. Leichtenberg's constitutional rights and the boys' deaths. Specifically, the City of LeRoy's failure to train their employees led to the constitutional violations described in Count I.

**ANSWER:   Defendants deny the allegations of paragraph 62.**

63.     As a result, Duncan and Jack Leichtenberg suffered great bodily harm and death,

and Plaintiff suffered damages, including, but not limited to, mental anguish and distress.

**ANSWER:    Defendants deny the allegations of paragraph 63.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs assessed against Plaintiff.

### Count III:  Wrongful Death

64.    Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

**ANSWER:    Defendants restate their answers to all of the paragraphs in Plaintiff's Second Amended Complaint as their answer to Paragraph 64 as if fully written herein.**

65.    Plaintiff claims damages for the wrongful deaths of Duncan and Jack Leichtenberg, and for her loss of their services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel and advice, and for their mental anguish caused by this loss, as well as for funeral and burial expenses pursuant to 740 ILCS § 180/1, referred to as the Illinois Wrongful Death Act.

**ANSWER:    Defendants admit that Plaintiff claims damages pursuant to the Illinois Wrongful Death Act, 740 ILCS § 180/1.  Defendants deny the remaining allegations contained in Paragraph 65.**

66.    As explained more fully in the preceding paragraphs, Duncan's and Jack's deaths were caused by the wrongful conduct of the Defendant Officers.

**ANSWER:    Defendants deny the allegations of paragraph 66.**

67.    Defendant Officers owed a duty to Duncan and Jack Leichtenberg to protect them from the known danger posed by Mr. Connolly's disturbing behavior, but nevertheless threatened the arrest of Ms. Leichtenberg when she expressed her desire to keep her boys from their father.

**ANSWER:    Defendants deny the allegations of paragraph 67.**

68.    The Defendant Officers also owed a duty to Duncan and Jack Leichtenberg to protect them from the known danger posed by Mr. Connolly and to promptly investigate their whereabouts when they were made aware that their father, Mr. Connolly, violated a court order in failing to return the boys to their mother on March 8, 2009.

**ANSWER:    Defendants deny the allegations of paragraph 68.**

69.    The Defendant Officers' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

**ANSWER:    Defendants deny the allegations of paragraph 69.**

70.    The Defendant Officers' actions proximately caused Duncan and Jack Leichtenberg great bodily harm and death, as well as great pain and suffering to Plaintiff.

**ANSWER:    Defendants deny the allegations of paragraph 70.**

71.    Pursuant to the Illinois Wrongful Death Statute, 740 ILCS 180/1, Defendant Officers are liable to Plaintiff for causing the deaths of Duncan and Jack Leichtenberg and for the damages she has suffered, including, but not limited to, the loss of companionship and pecuniary loss.

**ANSWER:    Defendants deny the allegations of paragraph 71.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs assessed against Plaintiff.

### Count IV:  Illinois Domestic Violence Act

72.    Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

**ANSWER:    Defendants restate their answers to all of the paragraphs in Plaintiff's**

**Second Amended Complaint as their answer to Paragraph 72 as if fully written herein.**

73.     Defendant Officers were aware that Ms. Leichtenberg, Duncan and Jack are protected persons under the Illinois Domestic Violence Act, 750 ILCS 60/101, *et seq.*

**ANSWER:     Defendants deny the allegations of paragraph 73.**

74.     Defendant Officers knew that Ms. Leichtenberg, Duncan and Jack were protected under the Illinois Domestic Violence Act because they knew that the Protective Order was in effect protecting Ms. Leichtenberg, Duncan and Jack from Mr. Connolly. Defendant Officers further had knowledge that Mr. Connolly had repeatedly violated the Protective Order.

**ANSWER:     Defendants deny the allegations of paragraph 74.**

75.     Defendant Officers breached their duties as law enforcement officers under the Illinois Domestic Violence Act by their willful and wanton acts and omissions, including, but not limited to, Defendant Officers' threat to Ms. Leichtenberg that they could arrest her if she failed to produce her boys to Mr. Connolly for his custodial time with Duncan and Jack on Saturday, March 7, 2009; their failure to respond to and investigate Mr. Connolly's kidnapping of the boys; their failure to locate or protect Duncan and Jack Leichtenberg from imminent harm; and their interference with the issuance of an Amber Alert that would have prevented Mr. Connolly having the opportunity to kill them and himself.

**ANSWER:     Defendants deny the allegations of paragraph 75.**

76.     Defendant Officers' acts and omissions proximately caused the deaths of Duncan and Jack Leichtenberg.

**ANSWER:     Defendants deny the allegations of paragraph 76.**

77.     Due to the above described misconduct, Duncan and Jack Leichtenberg suffered great bodily harm and death, and Plaintiff suffered damages, including but not limited to, emotional anguish and distress.

**ANSWER:     Defendants deny the allegations of paragraph 77.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs assessed against Plaintiff.

### Count V:  Intentional Infliction of Emotional Distress

**The court dismissed Count V as time-barred in its order dated January 7, 2011.  Therefore, no responses are needed for paragraphs 78 through 81.**

### Count VI:  Indemnification

82.     All of Defendant Officers' actions were undertaken under color of law and within the scope of their employment as police officers of the LeRoy Police Department such that their employer, the City of LeRoy, is liable for their actions.

**ANSWER:   Defendants admit that Officers Wiesemann, Wilkins, and Williamson were acting under color of law and within the scope of their employment as police officer of the LeRoy Police Department.  Defendants admit that their employer is the City of LeRoy. Defendants deny the remaining allegations contained in Paragraph 82.**

83.     Illinois law provides that Defendant City of LeRoy must indemnify the Defendant Officers for any liability arising out of the scope of their employment activities. Accordingly, the City of LeRoy must pay any tort judgment awarded to Plaintiff for compensatory damages resulting from the Defendant Officers' actions.

**ANSWER:   Defendants are not required to respond to Paragraph 83, which presents conclusions of law.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs assessed against Plaintiff.

## Count VII: Respondeat Superior

84.     Additionally, in committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the LeRoy Police Department acting at all relevant time within the scope of their employment. Defendant City of LeRoy is liable as principal for all torts committed by its agents.

**ANSWER:   Defendants admit that Officers Wiesemann, Wilkins, and Williamson were members and agents of the LeRoy Police Department acting at all relevant times within the scope of their employment.   Defendants deny that Officers Wiesemann, Wilkins, and Williamson committed all acts alleged in the preceding paragraphs.   The second sentence in Paragraph 84 presents conclusions of law, and Defendants are not required to respond to it.**

**WHEREFORE,** Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs assessed against Plaintiff.

## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

Further answering and as affirmative defenses to Plaintiff's Second Amended Complaint, Defendants state as follows:

1.     Officers Wiesemann, Wilkins, and Williamson are entitled to qualified immunity for the allegations set forth against them in Plaintiff's amended complaint because the alleged acts occurred within the course and scope of their official duties and they had no knowledge that their acts were unconstitutional nor did they have knowledge that their acts clearly violated Plaintiff's rights at the time the acts were committed.  In the event that any action of Officers Wiesemann, Wilkins, and Williamson deprived Plaintiff of her constitutionally protected rights, which Defendants deny, then Officers Wiesemann, Wilkins, and Williamson maintain that their actions were done in good faith and with the reasonable belief that such actions were lawful and constitutional.

18

2.      Defendants' alleged conduct was legally justified given the conduct of the Plaintiff and the circumstances surrounding the incident.

3.      The sole proximate cause of Plaintiff's injuries or damages must be the superseding and/or intervening acts or omissions of Connolly and Defendants had no control or right of control over Connolly and therefore cannot be held responsible for his acts or omissions.

4.      Defendants are immune from liability pursuant to the common law public duty doctrine.

5.      Defendants are immune from liability for the state claims alleged by Plaintiff pursuant to Sections 2-109, 2-201, 2-202, 2-204, 2-210, 4-102, and 4-107 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act.  745 ILCS 10/2-109, 2-201, 2-202, 2-204, 2-210, 4-102, & 4-107.

6.      Defendants are immune from liability for Plaintiff's claim alleged under the Illinois Domestic Violence Act pursuant to section 305 of the IDVA.  750 ILCS 60/305.

7.      Defendants' state claims are time-barred pursuant to 745 ILCS 10/8-101 because the injuries received and/or the cause of actions accrued more than one year prior to Plaintiff filing her amended complaint.

8.      The City of LeRoy is not liable for punitive damages in any of the federal claims alleged by Plaintiff.

9.      The City of LeRoy and Officers Wiesemann, Wilkins, and Williamson are immune from punitive damages for liability alleged by Plaintiff in her state claims.  745 ILCS 10/2-102 & 10/2-213.

**WHEREFORE**, Defendants City of LeRoy, Police Officer Dustin Wiesemann, Police Officer Nathan Wilkins, and Police Officer Jason Williamson deny that they are liable to Plaintiff and prays that Plaintiff's Second Amended Complaint be dismissed with costs

assessed against Plaintiff.

                                    **CITY OF LEROY, DUSTIN WIESEMANN,**
                                    **NATHAN WILKINS, AND JASON**
                                    **WILLIAMSON**


                          By:     *s/Gerard W. Cook*
                                    Gerard W. Cook
                                    O'Halloran, Kosoff, Geitner & Cook, LLC
                                    650 Dundee Road, Suite 475
                                    Northbrook, Illinois 60062
                                    Telephone:  (847) 291-0200
                                    Fax:  (847) 291-9230
                                    E-mail:  gcook@okgc.com

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | | |
|---|---|---|
| AMY LEICHTENBERG, on her own behalf and as Administrator of the ESTATE OF DUNCAN LEICHTENBERG, and as Administrator of the ESTATE OF JACK LEICHTENBERG, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 10-CV-1253 |
| v. | ) ) | |
| CITY OF LEROY, et al. | ) ) | |
| Defendants. | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 21, 2011, I electronically filed **Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Arthur Loevy – loevylaw@loevy.com
Heather Lewis Donnell – heather@loevy.com
Jonathan Loevy – jon@loevy.com
Russell Ainsworth – russell@loevy.com
Samantha Liskow – Samantha@loevy.com

LOEVY & LOEVY
312 N. May Street, Suite 100
Chicago, IL  60607

**CITY OF LEROY, DUSTIN WIESEMANN,
NATHAN WILKINS, AND JASON
WILLIAMSON**

By:    *s/Gerard W. Cook*
Gerard W. Cook
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  (847) 291-0200
Fax:  (847) 291-9230
E-mail:  gcook@okgc.com